IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHENDRA M. GAJARAWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2522 |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and DAVID ELMER, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# **MEMORANDUM OPINION and ORDER**

On July 10, 2006, Defendants filed a Motion *in LImine* to Exclude Exhibits 138 and 139, which are videotapes of segments of a video news magazine created by MetLife in 1985 and 1988. (Docket No. 83). Defendants first seek to exclude the videos as irrelevant to this litigation because they discusse the financial worth and wealth of MetLife. In response, Plaintiff asserts that he only plans on using the portions of the videos that demonstrate the net worth of MetLife and the focus of the company to increase sales to establish support for a punitive damage award. (Docket No. 101). Because punitive damages are a part of this case, I find evidence of MetLife's financial condition to be relevant. Consequently, I will not exclude them on this basis.

Defendants then argue that the videos should be excluded because evidence of MetLife's net worth is "highly prejudicial." After engaging in a balancing test pursuant to Rule 403, I do not find that the probative value is "substantially

outweighed by the danger of unfair prejudice." Fed.R.Civ.P. 403. Consequently, I will not exclude the videos based on this basis either.

Finally, Defendants argue, in a conclusory fashion, that the videos should be excluded based on inadmissible hearsay. (Docket No. 84, p. 6). Defendants do not, however, provide this Court with line by line objections.. Rather, Defendants just state that the "video tapes are rife with hearsay." (Docket No. 84, p. 6). As Defendants are well aware, based on prior cases involving MetLife, this type of conclusory objection is underdeveloped and inadequate. It is not the responsibility of this Court, to go through seventeen (17) pages of single spaced dialogue to determine which statements are objectionable. Consequently, Defendants' Motion (Docket No. 83) is denied on this basis as well.

THEREFORE, this **19th** day of July, 2006, after careful consideration of the Motion (Docket No. 83) and the related submissions, it is ordered that the Motion in Limine to Exclude Exhibits 138 and 139, which are videotapes, (Docket No. 83) is denied.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge