IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHENDRA M. GAJARAWALA,<br><br>Plaintiff,<br><br>-vs-<br><br>METROPOLITAN LIFE INSURANCE COMPANY<br>and DAVID ELMER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 00-2522<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and David Elmer ("Elmer") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 79) seeking to exclude from evidence at trial Plaintiff's proposed Exhibit No. 80, a collection of call center surveys. Plaintiff opposes Defendants' Motion. (Docket No. 100). For the reasons set forth below, Defendants' Motion is granted.

Plaintiffs' Exhibit No. 80 is a collection of a number of completed surveys from customer service representatives in MetLife's customer service call centers regarding customer feedback on Accelerated Premium Plan information that MetLife had provided to policyholders. A number of the completed surveys indicate that customers had called MetLife voicing complaints that they had been told when they purchased their policies that the policy would be "paid up" in a fixed number of

years.

Although such information, if true, may be relevant to Plaintiff's claims in this case, I agree with Defendants that the call center surveys are inadmissible hearsay and are replete with hearsay within hearsay.

Plaintiff's response to Defendants' hearsay argument is that the surveys are admissible under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6). I disagree.

Rule 803(6) provides an exception to the hearsay rule for a:

> memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6). Here, there is no indication that the call center surveys meet the requirements of Rule 803(6). As Defendants point out in their brief, the call center surveys are anonymous. There is no information as to what call center they come from, and the customer service representatives who completed the surveys are not identified. The surveys likewise fail to identify the customers who made the complaints summarized in the surveys. Even if Plaintiff could meet the other

requirements of Rule 803(6) (which he has not shown that he can),[1] the source of information and/or method of preparation of these documents indicates a lack of trustworthiness.[2]

In addition, even if the survey forms themselves are business records within the meaning of Rule 803(6), Plaintiff has failed to address the "hearsay within hearsay," *e.g.*, the statements of customers to the customer service representatives, that make up the bulk of the information contained in the surveys. As set forth in Rule 805, each portion of a combined statement must conform with an exception to the hearsay rule.

For all of these reasons, Defendants' Motion to exclude the call center surveys is granted.

An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * *

---

[1] I disagree with Plaintiff that the deposition testimony of Wilhelmenia Taylor is sufficient to bring the call center surveys within the ambit of Rule 803(6).

[2] Given the lack of trustworthiness surrounding the call center surveys, Rule 807, the "residual" hearsay exception, likewise does not apply.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHENDRA M. GAJARAWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2522 |
| METROPOLITAN LIFE INSURANCE COMPANY and DAVID ELMER, | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **20th** day of July, 2006, after careful consideration of the parties' submissions, it is Ordered that the Defendants' Motion in Limine to Exclude From Evidence Plaintiff's Exhibit No. 80, Call Center Surveys (Docket No. 79) is Granted. Plaintiff is precluded from offering his proposed Exhibit No. 80, call center surveys, as evidence at trial.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge